**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 96-50555
Summary Calendar**

_____

**ROBERT BOHLER,**

**Plaintiff-Appellant,**

**versus**

**EXPRESS TECH, INC.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(SA-95-CV-770)**

_____

January 23, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Robert Bohler appeals the summary judgment awarded Express Tech, Inc., his former employer, on Bohler's claims under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213; and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791-793.

The FMLA claim fails because Bohler presented insufficient evidence that Express Tech employed over 50 employees, as required by that act. _See_ 29 U.S.C. § 2611(2)(B)(ii). His ADA claim fails

---

[*]     Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

because, assuming *arguendo* that his diabetic condition is a "disability", he presented no evidence that he requested (and was denied) reasonable accommodation. *See* 42 U.S.C. § 12112(b)(5)(A). Finally, as conceded by Bohler in his appellate brief, the Rehabilitation Act claim fails because Express Tech is a federal contractor, and the that Act does not provide a private cause of action for employees. *See* 29 U.S.C. § 793(b).

That summary judgment was proper is reflected in the district court's 14 June 1996 Order Granting Summary Judgment. Bohler claims also that the district court abused its discretion in denying his motion to withdraw deemed admissions. *See* FED R. CIV. P. 36. (Bohler never responded to Express-Tech's request for admissions, which were properly deemed admitted. FED. R. CIV. P. 36(a).) The court determined in its summary judgment ruling that Bohler had failed to show either good cause to reopen discovery or a lack of prejudice to Express-Tech. FED. R. CIV. P. 36(b). We find no abuse of discretion in this ruling.

*AFFIRMED*